Case 3:07-cv-01910-ST    Document 1    Filed 12/28/07    Page 1 of 18    Page ID#: 1



HARDY MYERS
Attorney General
DAVID L. KRAMER #80290
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: david.kramer@doj.state.or.us

FILED '07 DEC 28 12:50 USDC-ORP

Attorneys for Defendant State of Oregon, Department of Human Services

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KAYLIE COLLINS and LEO COLLINS, formerly known as Kaylie Gysin and Leo Gysin, by and through their Guardian ad Litem, LISA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF OREGON, by its DEPARTMENT OF HUMAN SERVICES; and ELISA DESERANO, TAMMY STANFILL, OSCAR HERRERA, DARLENE WALSH, and JOHN AND MARY DOES I-X, individually, <br><br> Defendants. | Case No. CV '07-1910- ST <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:**

Defendants STATE OF OREGON DEPARTMENT OF HUMAN SERVICES;

respectfully petition for removal of this action to the United States District Court for the District

of Oregon. In support of this petition, defendants allege as follows:

Page 1 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
DLK/cbh/TRIT7675

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

1910

1. On December 7, 2007, Kaylie Collins and Leo Collins ("Plaintiffs") filed a Complaint in this action in Multnomah County Circuit Court, Case No. 0712-14586, entitled *KAYLIE COLLINS and LEO COLLINS, formerly known as Kaylie Gysin and Leo Gysin, by and through their Guardian ad Litem, LISA COLLINS v. STATE OF OREGON, by its DEPARTMENT OF HUMAN SERVICES; and ELISA DESERANO, TAMMY STANFILL, OSCAR HERRERA, DARLENE WALSH, and JOHN AND MARY DOES I-X, individually.* A copy of the original Summons and Complaint are attached as **Exhibit 1**. The Summons and Complaint were served on the Defendants on December 16, 2007.

2. This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that plaintiff has alleged a claim under 42 U.S.C. § 1983, and can be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. Defendants STATE OF OREGON, by its DEPARTMENT OF HUMAN SERVICES; and ELISA DESERANO, TAMMY STANFILL, OSCAR HERRERA, DARLENE WALSH, and JOHN AND MARY DOES I-X, individually, join in this petition for removal.

3. This removal is timely, pursuant to 28 U.S.C. 1446(b) in that fewer than 30 days have elapsed since the filing of the Complaint, which is the first pleading, motion or paper from which it could be ascertained that the case is subject to removal.

///
///
///
///
///
///
///
///

Page 2 - NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
DLK/cbh/TRIT7675

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

WHEREFORE, defendants respectfully request that this action now pending against them in the Circuit Court in the State of Oregon for the County of Multnomah be removed from that Court to the United States District Court for the District of Oregon.

DATED this 28th day of December, 2007.

                                              Respectfully submitted,

                                              HARDY MYERS
                                              Attorney General

                                              */s/ David L. Kramer*
                                              DAVID L. KRAMER #80290
                                              Senior Assistant Attorney General
                                              Trial Attorney
                                              Tel (503) 947-4700
                                              Fax (503) 947-4791
                                              david.kramer@doj.state.or.us
                                              Attorney for Defendant State of Oregon DHS

Page 3 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
         DLK/cbh/TRIT7675

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## **VERIFICATION**

STATE OF OREGON   )
                 ) ss.
County of Marion  )

I, David L. Kramer verified, under penalty of perjury, that he is a Senior Assistant Attorney General with the State of Oregon Department of Justice, that he has read the foregoing Notice and knows the contents thereof, that the same is true and correct to his information and belief.

DATED this 28th day of December, 2007.

_____
DAVID L. KRAMER
Senior Assistant Attorney General

SUBSCRIBED AND SWORN to before me this 2 8 day of December, 2007.

_____
Carolyn Bennett-Hunter
Notary Public for Oregon
My Commission Expires: 02-22-2010



OFFICIAL SEAL
CAROLYN BENNETT-HUNTER
NOTARY PUBLIC-OREGON
COMMISSION NO. 401525
MY COMMISSION EXPIRES FEB. 22, 2010

Page 4 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
DLK/cbh/TRIT7675

Dec. 17. 2007 2:46PM    dhs - cw    No. 9304    P. 3

I HEREBY CERTIFY THAT THE FOREGOING
IS A COMPLETE AND EXACT COPY OF THE
ORIGINAL THEREOF

Attorney for

DEC - 7 2007

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| KAYLIE COLLINS and LEO COLLINS, formerly known as Kaylie Gysin and Leo Gysin, by and through their Guardian *ad Litem*, LISA COLLINS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF OREGON, by its DEPARTMENT OF HUMAN SERVICES; and ELISA DESERANO, TAMMY STANFILL, OSCAR HERRERA, DARLENE WALSH, and JOHN AND MARY DOES I-X, individually,<br><br>Defendant. | Case No: 0712-14586<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Claim Not Subject to Mandatory Arbitration |

Plaintiff alleges:

1.

Kaylie Collins and Leo Collins are twins. They were born in Portland on August 4, 2002, and are now almost 5 ½ years old. Immediately following their birth, they became wards of the state due to problems with their birth parents. Defendant DHS became charged with caring for and providing for the twins before the twins left the hospital. Due to low birth weight, the twins remained in the hospital for weeks.

Page 1 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 980 – Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 1 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

2.

Lisa Collins is now the adoptive mother of Kaylie Collins and Leo Collins. Lisa Collins is the duly appointed Guardian *ad Litem* for Kaylie Collins and Leo Collins. The Collins family lives in Michigan.

3.

The State of Oregon is the state and, at all times material, acted through its Department of Human Services (DHS). Defendants ELISA DESERANO and TAMMY STANFILL were DHS case workers and are sued in their individual capacity and as state actors acting under color of state law. At all times material, defendants DESERANO and STANFILL were acting in the course and scope of their employment with DHS.

4.

John and Mary Does I and II at all times material were DHS certifiers in charge of reviewing the qualifications of a proposed foster home and its proposed foster parents. John and Mary Does I and II are sued in their individual capacity and as state actors acting under color of state law.

5.

John and Mary Does III and IV at all times material were the medical foster home certifiers and medical home supervisors and are sued in their individual capacity and as state actors acting under color of state law. Medical home certification was necessary for Kaylie and Leo (plaintiffs) following their discharge from the hospital due to low birth weight and other medical problems generally associated with premature delivery and birth.

6.

At all times material, Defendants Oscar HERRERA and Darlene WALSH were the DHS supervisors in charge of supervising case workers DESERANO and STANFILL. HERRERA, WALSH, DESERANO, STANFILL and the DOE defendants are referred to herein as the "individual defendants."

Page 2 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 2 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

7.

At this time, plaintiffs are not able to identify the specific persons acting as John and Mary DOES as specified above. Plaintiffs will amend this Complaint to identify the DOES.

8.

Kaylie and Leo COLLINS were, at all times material, wards of the State of Oregon. The Collins twins were born to a mother who was deemed by the STATE to be unfit to parent. Consequently, Oregon DHS became responsible for placing the children in a foster setting that was free from the unreasonable risk of harm. Defendant State of Oregon took the children from their natural and biological parents because of problems concerning the biological parents' capacity to care for the children. Instead of placing the twins in an appropriate home, the defendant DHS placed the twins at the home of Gail and Marvin Thompson. These two foster parents lacked the physical, emotional, financial, and/or medical capacity to care for the children. The foster placement and follow-up care were contrary to the reasonable standard of care of foster work in the community and led to injuries that were reasonably foreseeable to a reasonable foster care caseworker and supervisor.

9.

At all times material, the individual defendants, and each of them, owed the twins a duty to protect them from physical and emotional harm or mistreatment at the hands of foster parents, or others who presented a foreseeable risk of harm.

10.

At all times material Defendant DHS acted through its employees or agents, including those individuals named above.

### FIRST CLAIM FOR RELIEF

(Negligence)

11.

Plaintiffs reallege paragraphs 1 through 8 above as though set forth fully herein.

Page 3 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 3 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

12.

DHS and the individual defendants knew or, in the exercise of reasonable care, should have known of unreasonable risks to plaintiffs, yet placed and maintained the twins in an unsuitable and unreasonably dangerous foster care placement in spite of those foreseeable risks.

13.

Defendant DHS, and the individual defendants named above, were negligent in one or more of the following particulars:

A. In failing to adequately perform its initial screening of the Collins twins' foster placement;

B. In failing to adequately perform its home study and other required background checks concerning the foster home, the people in the foster home, the people likely to visit the foster home, and all others in contact the Collins twins;

C. In failing to secure required follow-up medical care for the Collins twins when DHS knew or, in the exercise of reasonable care, should have known of the need for specific monthly neurological and other specialized medical diagnostics, care and treatment;

D. In failing to adequately provide reasonable social services to detect the presence of threats to the safety and well-being of the Collins twins in judging the presence of "the dungeon" where the Collins twins suffered in inhuman conditions;

E. In failing to protect the Collins twins from suffering from the effects of an abusive environment when DHS' own screening revealed that the proposed foster parents were deficient in that they were too inexperienced or too naïve about the demands of foster parenting;

F. In failing to provide the required financial support to the foster parents;

G. In failing to place the Collins twins in a foster home that had sufficient medical experience for two children with special medical needs;

Page 4 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 4 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

Dec. 17. 2007 2:47PM    dhs - cw                                        No. 9304    P. 7

H.  In failing to assign appropriate staff to screen the Collins twins' foster placement despite the fact that resources and personnel were available to do the job;

I.  In ignoring prior incidents of neglect or potential neglect of children, including the Collins twins, while plaintiffs were residing in foster care;

J.  In failing to ensure that the foster home had adequate personnel or resources to care for the children there, including plaintiffs;

K.  In failing to have adequate policies for screening and placement of medically challenged children including the Collins twins who suffered from some known medical challenges since the date of their birth;

L.  In failing to coordinate documentation, including the FACIS system, to reflect the known or suspected risk of harm to the Collins twins;

M.  In failing to refer or coordinate calls or warnings of abusive situations to Child Protective Services (CPS) for intervention when DHS knew or should have known there was reason for calling CPS;

N.  In failing to designate a person with primary responsibility for coordinating health and safety concerns for the Collins twins.

14.

As a result of defendants' negligence as alleged, both twins were subject to a foster placement that involved neglect and abuse. Plaintiffs were caged in cribs with chicken wire over the top and duct tape on the side. The windows in their room, which was referred to as a dungeon, were blacked out. The Collins twins were denied basic hygiene, hydration, food, and shelter. They were kept in filth and squalor. The Collins twins were required to see neurologists and medical professionals for the purpose of ongoing medical care. The requisite medical care was denied to both plaintiffs.

Page 5 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 5 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

15.

In particular, as a further result of defendants' negligence, Leo COLLINS did not receive timely medical attention to an intra-cranial shunt, or drainage device, in his head, that was designed to drain and reduce the buildup of intracranial pressure. Leo COLLINS' intra-cranial pressure built up to an extremely high level and caused pressure on the inside of his skull causing him to thrash and beat his own head against the crib. The build up in pressure rendered Leo COLLINS near comatose and non-responsive until he was hospitalized and the pressure was relieved surgically. As a result of defendants' negligence, Leo COLLINS suffered post-traumatic stress disorder and related psychological impacts.

16.

As a further result of defendants' negligence, Kaylie COLLINS also suffered from a lack of basic hygiene, basic nutrition and hydration (food and water). She has suffered post-traumatic stress disorder and related psychological impacts.

17.

As a result of defendants' negligence, the Collins twins have suffered economic damages in the form of medical, hospital, diagnostic, counseling, and therapeutic expenses to date in the amount of $500,000 to date for Leo and $300,000 for Kaylie. Such treatment will continue to be necessary throughout their lives and during significant life events and milestones. Such expenses will continue in the future in an amount expected to exceed $1,000,000 for Leo and $1,000,000 for Kaylie. The Collins twins have each suffered a loss of earning capacity in the amount of $2,000,000.

18.

As a result of this abuse and neglect, plaintiffs have suffered non-economic damages including, but not limited to, emotional and physical injury, upset, trauma, an inability to form close relationships, and neuropsychological deficits that will deprive them of enjoyment in the future. Non-economic damages are $3,000,000 for Leo and $3,000,000 for Kaylie.

Page 6 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 6 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

## SECOND CLAIM FOR RELIEF

(Violation of Civil Rights: 42 U.S.C. § 1983)

19.

Plaintiffs reallege paragraphs 1 through 18 above as though fully set forth herein.

20.

At all times material, defendants DESERANO, STANFILL, HERRERA, WALSH, and JOHN AND MARY DOES I-X were individuals acting under color of state law and are sued in their official capacities pursuant to 42 U.S.C. § 1983. In the following paragraphs they are referred to as "the individual defendants."

21.

The individual defendants deprived plaintiffs of their federally protected civil rights as set forth more fully below.

22.

The individual defendants knew, reasonably should have known, or were indifferent to the risk that plaintiffs would be deprived of their constitutional rights to bodily safety, integrity, due process, and to be free from neglect and abuse.

23.

The individual defendants' indifference was based on one or more of the following circumstances and/or events that provided actual or constructive notice to the individual defendants:

A.  That the foster parents were inexperienced and deficient in emotional abilities to care for three highly challenging foster children, including the specific needs of the COLLINS twins;

B.  That the foster parents were inexperienced and deficient in physical capacity to care for medically needy foster children, including the specific needs of the COLLINS twins;

Page 7 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 7 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

1  C.  That the foster parents were not adequately caring for the COLLINS twins' basic sanitary
2      needs;
3  D.  That the foster parents were not adequately caring for the COLLINS twins' nutritional
4      needs;
5  E.  That the foster parents were not adequately caring for the COLLINS twins' basic
6      hydration needs;
7  F.  That the foster parents were not adequately caring for the COLLINS twins' health, safety
8      and welfare;
9  G.  That the foster parents were not providing care for the COLLINS twins that was
10     consistent with the basic minimum requirements of Oregon law and the standards of
11     foster care in the community;
12 H.  That the foster parents' care had previously been the subject of communications and
13     concerns dealing with the foster parents' inability to cope with the financial needs of
14     foster children;
15 I.  That the foster parents' care had previously been the subject of communications
16     concerned with the foster parents' inability to cope with the emotional needs of foster
17     children;
18 J.  That the foster parents' care had previously been the subject of communications
19     concerned with the foster parents' inability to cope with the physical needs of three foster
20     children;
21 K.  That the foster parents' care had previously been the subject of communications
22     concerned with the foster parents' inability to cope with the medical needs of foster
23     children;
24 L.  That the certifiers and case workers failed to detect that the COLLINS twins were housed
25     in a "dungeon" with chicken wire and duct tape restraining the twins' abilities to exit
26

Page 8 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 8 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

their cribs or beds, that there were no fire or smoke alarms, and that there were dangerous amounts of debris littering the house;

M. That the case workers and case workers' supervisors failed to provide the COLLINS twins with prescribed neurological follow-up care when the twins had specific neurological problems that required follow-up care;

N. That the case workers and case workers' supervisors failed to detect that the COLLINS twins were severely dehydrated and malnourished.

24.

By allowing the plaintiff twins to remain in the foster household with substantial knowledge of the risks as alleged above, the individual defendants violated plaintiffs' rights to liberty, freedom from bodily harm, and substantive and procedural due process as guaranteed by federal law, including the Fourteenth Amendment of the Constitution of the United States of America.

25.

The individual defendants acted with a reckless disregard for the well-established rights of the plaintiffs. Plaintiffs are entitled to punitive damages to punish and deter defendants and others similarly situated.

26.

Plaintiffs are entitled to their reasonable attorney fees pursuant to 42 U.S.C. § 1985.

WHEREFORE, plaintiffs claim for relief against defendants, and each of them, as follows:

A. On his FIRST CLAIM FOR RELIEF, LEO COLLINS is entitled to Three Million Five Hundred Thousand Dollars ($3,500,000) in economic damages and Three Million Dollars ($3,000,000) in non-economic damages.

Page 9 - COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-5602

Exhibit 1, Page 9 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

    B.    On her FIRST CLAIM FOR RELIEF, KAYLIE COLLINS is entitled to Three Million Three Hundred Thousand Dollars ($3,300,000) in economic damages and Three Million Dollars ($3,000,000) in non-economic damages.

    C.    On his SECOND CLAIM FOR RELIEF, LEO COLLINS is entitled to Three Million Five Hundred Thousand Dollars ($3,500,000) in economic damages; Three Million Dollars ($3,000,000) in non-economic damages; and One Million Dollars ($1,000,000) in punitive damages.

    D.    On her SECOND CLAIM FOR RELIEF, KAYLIE COLLINS is entitled to Three Million Three Hundred Thousand Dollars ($3,300,000) in economic damages; Three Million Dollars ($3,000,000) in non-economic damages; and One Million Dollars ($1,000,000) in punitive damages.

    E.    Each plaintiff is entitled to his/her attorney fees.

    F.    Each plaintiff is entitled to his/her costs and disbursements incurred herein.

    G.    Such other relief as the court deems just.

DATED this 7th day of December, 2007.

Respectfully submitted,

PAUL & SUGERMAN, PC

By: _____
David Paul, OSB No. 86260
PAUL & SUGERMAN, PC
520 S.W. Sixth Ave., Ste. 920
Portland, Oregon 97204
Phone: (503) 224-6602
Fax:   (503) 224-2764
E-Mail: dp@pspc.com
Attorneys for Plaintiff

///
///

Page 10 -    COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 10 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

1  Plaintiff demands a jury trial.

2  DATED this 7th day of December, 2007.

PAUL & SUGERMAN, PC

By: _____
David Paul, OSB No. 86260
PAUL & SUGERMAN, PC
520 S.W. Sixth Ave., Ste. 920
Portland, Oregon 97204
Phone: (503) 224-6602
Fax:   (503) 224-2764
E-Mail: dp@pspc.com
Attorneys for Plaintiff

Page 11 -   COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL & SUGERMAN, PC
520 SW Sixth Avenue, Suite 920 - Portland, Oregon 97204
(503) 224-6602

Exhibit 1, Page 11 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

OregonLive.com's Printer-Friendly Page                                Page 1 of 1



**OregonLive.com**
Everything Oregon

Child: Kaylie + Leo
        Collins

FP: Gail + Marvin
         Thompson

# The Oregonian

## Suit claims twins got improper care
Welfare - An attorney is seeking $12.8 million, saying the state didn't perform proper checks

Saturday, December 08, 2007
**AIMEE GREEN**
The Oregonian

A $12.8 million lawsuit claims that state child-welfare workers placed newborn twins in a foster home where they were caged in cribs with chicken wire over the tops and left to sit in their own feces and urine.

The lawsuit, filed Friday in Multnomah County Circuit Court, alleges that the boy and girl didn't get crucial medical care. A drainage tube in the boy's head didn't function properly, dangerous pressure built up inside his skull and he sought relief by beating his head against the crib, according to the suit.

"He's going to have to have neurological care for the rest of his life," said David Paul, the attorney representing the twins, Kaylie and Leo Collins, now 5, on behalf of Lisa Collins, guardian ad litem. "He won't be able to work, and he won't be able to function at a normal level."

The twins, who were born in August 2002, lived in the medical foster home of Gail and Marvin Thompson from shortly after their birth to December 2005, Paul said.

The suit claims that the state Department of Human Services erred by failing to adequately check on the foster home and monitor that the children were receiving medical care.

The twins' former foster parents, the Thompsons, were baffled by the allegations.

"This is totally false," said Marvin Thompson. The twins were well cared for, he said.

Greg Parker, a DHS spokesman, said he couldn't comment because the agency hadn't received a copy of the lawsuit.

The twins' room was known as "the Dungeon" because the windows were blacked out and the children were deprived of water and food, the suit says.

"This is not an isolated incident," said Paul, who earlier this year won $960,000 from the state for a 3-month-old girl who suffered brain damage at the hands of her foster father.

The Thompsons, who live in Gresham, said police detectives investigated suspicions of neglect against them shortly after the twins left their care but dropped the case because it had no foundation. A check of Oregon records showed the Thompsons don't have a criminal history.

Marvin Thompson said he and his wife have been loving foster parents to hundreds of children over 30 years. They retired in 2005.

Michelle Cole of The Oregonian staff contributed to this report. Aimee Green: 503-294-5119; aimeegreen@news.oregonian.com

©2007 The Oregonian

http://www.oregonlive.com/printer/printer.ssf?/base/news/1197093334157020.xml&coll=7    12/10/2007

Exhibit 1, Page 12 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

OregonLive.com's Printer-Friendly Page                           Page 1 of 1



OregonLive.com
Everything Oregon

# The Oregonian

## Suit claims twins got improper care
**Welfare - An attorney is seeking $12.8 million, saying the state didn't perform proper checks**

Saturday, December 08, 2007

**AIMEE GREEN**
The Oregonian

A $12.8 million lawsuit claims that state child-welfare workers placed newborn twins in a foster home where they were caged in cribs with chicken wire over the tops and left to sit in their own feces and urine.

The lawsuit, filed Friday in Multnomah County Circuit Court, alleges that the boy and girl didn't get crucial medical care. A drainage tube in the boy's head didn't function properly, dangerous pressure built up inside his skull and he sought relief by beating his head against the crib, according to the suit.

"He's going to have to have neurological care for the rest of his life," said David Paul, the attorney representing the twins, Kaylie and Leo Collins, now 5, on behalf of Lisa Collins, guardian ad litem. "He won't be able to work, and he won't be able to function at a normal level."

The twins, who were born in August 2002, lived in the medical foster home of Gail and Marvin Thompson from shortly after their birth to December 2005, Paul said.

The suit claims that the state Department of Human Services erred by failing to adequately check on the foster home and monitor that the children were receiving medical care.

The twins' former foster parents, the Thompsons, were baffled by the allegations.

"This is totally false," said Marvin Thompson. The twins were well cared for, he said.

Greg Parker, a DHS spokesman, said he couldn't comment because the agency hadn't received a copy of the lawsuit.

The twins' room was known as "the Dungeon" because the windows were blacked out and the children were deprived of water and food, the suit says.

"This is not an isolated incident," said Paul, who earlier this year won $960,000 from the state for a 3-month-old girl who suffered brain damage at the hands of her foster father.

The Thompsons, who live in Gresham, said police detectives investigated suspicions of neglect against them shortly after the twins left their care but dropped the case because it had no foundation. A check of Oregon records showed the Thompsons don't have a criminal history.

Marvin Thompson said he and his wife have been loving foster parents to hundreds of children over 30 years. They retired in 2005.

Michelle Cole of The Oregonian staff contributed to this report. Aimee Green:503-294-5119; aimeegreen@news.oregonian.com

©2007 The Oregonian

http://www.oregonlive.com/printer/printer.ssf?/base/news/1197093334157020.xml&coll=7     12/10/2007

Exhibit 1, Page 13 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action

```
                                                  DL1 12/18/07  8:35 AM
Remote Case Register. Multnomah Circuit Court         Status Open
Case#...... 071214586 Collins Kaylie/Oregon State Of
                      Civil Negligence
_____

Case Filed Date..... 12/07/07    Starting Instrument.. Complaint
Case Started Date.....2/07/07    Originating From..... Original filing
At Issue Date.......             Previous Court.......
First Setting Date..             Previous Court Case#.
Trial Scheduled Date             Master Case Number...
Trial Start Date....             Relation to Master...
Length of Trial.....             Amount Prayed for.... $.00
Disposition Date....             Termination Stage....
Final Order Date....             Termination Type.....
Reinstated Date.....


                                 Judgment Type........
                                 Judgment Status......
                                 Judgment Volume/Page.

     ROLE        PLAINTIFF                      ATTORNEY
   1 Minor       Collins Kaylie                 Paul David
     Frmly Knwn  Gysin Kaylie
     Guardian    Collins Lisa
   2 Minor       Collins Leo                    Paul David
     Frmly Knwn  Gysin Leo
     Guardian    Collins Lisa

     ROLE        DEFENDANT                      ATTORNEY
   1 Defendant   Oregon State Of
     Act by thr  Department Of Human Services
   2 Defendant   Deserano Elisa
   3 Defendant   Stanfill Tammy
   4 Defendant   Herrera Oscar
   5 Defendant   Walsh Darlene

     ENTER DT   FILE DT   EVENT/FILING/PROCEEDING       SCHD DT   TIME   ROOM
   1 12/07/07  12/07/07  Complaint
                         negligence
                         NOT SUBJ TO MAND ARB
                         JOHN and MARY DOES I-X
   2 12/10/07  12/10/07  Petition Appt Guardian Ad Lit
                         MIN   1 Collins Kaylie
                         MIN   2 Collins Leo
   3 12/10/07  12/07/07  Declaration
                         in support of ex parte
                         petition for appointment of
                         guardian ad litem
                         PRV   1 Paul David
   4 12/10/07  12/07/07  Order Appt Guardian Ad Litem
                         MIN   1 Collins Kaylie
                         MIN   2 Collins Leo
               12/07/07  Signed
                         JUD   1 KOCH  DALE  R.
                         ******** END OF DATA ********
```

Exhibit 1, Page 14 of 14
Collins v. DHS, et al., USDC _____
Notice of Removal of Action